IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYSON BURNSIDE, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 16-cv-2511 |
| vs. | ) ) |
| INTERNATIONAL CRUISE & EXCURSION GALLERY, INC., doing business as SEARS VACATIONS and INTERNATIONAL CRUISE & EXCURSIONS, INC.; SEARS HOLDINGS CORPORATION; and DOES 1-10; | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Bryson Burnside brings this action to secure redress for the placement of illegal telemarketing calls to his phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and state law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), and 28 U.S.C. §1367.

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that:

   a. Defendants have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Defendants have transacted or done business in Illinois.

   c. Defendant Sears Holdings Corporation is headquartered in Illinois and the conduct complained of arises from a joint venture or partnership between it and defendant International Cruise & Excursion Gallery, Inc.

1

4. Venue in this District is proper for the same reason.

## PARTIES

5. Plaintiff Bryson Burnside is a resident of the Northern District of Illinois.

6. Defendant International Cruise & Excursion Gallery, Inc., is a Delaware corporation with an office located at 15501 N. Dial Blvd., Scottsdale, Arizona 85260-1615. It does business as International Cruise & Excursions, Inc., and Sears Vacations. Its registered agent and office is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324, or 208 S. LaSalle Street, Suite 814, Chicago, IL 60604..

7. Defendant Sears Holdings Corporation is a Delaware corporation that does business in Illinois. Its headquarters is located at 3333 Beverly Road, Hoffman Estates, IL 60179. Its registered agent and office is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

8. Defendants Does 1-10 are other natural or artificial persons involved in the telemarketing described herein.

## FACTS

9. On January 4, 2016, plaintiff received a robocall on his cell phone, 312/ \*\*\*-\*\*\*\*.

10. On information and belief, the call was initiated by an automatic telephone dialing system.

11. The call played a prerecorded message that resulted in the following being left on the voice mail associated with plaintiff's cell phone:

> Hello this is Lauren with Sears Vacations, I didn't hear back from you and wanted to make sure you activate your $250 travel savings credit, they are set to expire next week, please give me a call back at (855) 580-0612, so I can activate these for you and answer any other questions you may have. I look forward to hearing from you soon. Have a great day.

12. Plaintiff had no prior relationship with "Sears Vacations," and had not consented to the placement of automated calls to his cell phone.

13. Plaintiff's cell phone had been registered on the national "do not call" list since 2009.

14. The number 855/ 580-0612 is answered by "Lauren" at "Sears Vacations."

15. For further information, callers are directed to the following website: www.searsvacations.com.

16. The website (Exhibit A) bears the copyright of "International Cruise & Excursions, Inc.," which is a trade name used by defendant International Cruise & Excursion Gallery, Inc., and license numbers which are issued by various governmental agencies to defendant International Cruise & Excursion Gallery, Inc. (Exhibits B-C).

17. The website (www1.searsvacations.com/terms?v2_term_type_id=4, see Exhibit D) describes the relationship between defendant International Cruise & Excursion Gallery, Inc., and defendant Sears Holdings Corporation as follows:

> Sears Vacations
>
> Sears Vacations, which debuted February 2012, is a new leisure and travel program designed exclusively for Sears' customers. Sears Vacations provides unique leisure vacation experiences, primarily through an online platform, that allows customers the opportunity to opt-in to receive exclusive offers and extraordinary values on hotels, resorts, cruises, car rentals, vacation packages and more. Designed to appeal to a broad demographic of family-centric and value oriented customers, Sears Vacations guarantees more value for your money and service you can trust.
>
> Sears Vacations is managed, hosted and operated by International Cruise & Excursions (ICE), Inc., a licensed business partner of Sears Holdings Corporation.

18. On information and belief, the above-quoted statement is accurate, and defendants International Cruise & Excursion Gallery, Inc., and Sears Holdings Corporation have a partnership or joint venture agreement under which defendant International Cruise & Excursion Gallery, Inc., operates under the Sears logo and brand name.

19. The Sears Vacations web site (Exhibit D) capitalizes on the Sears brand name:

> Sears Holdings Corporation is the nation's fourth largest broadline retailer with over 4,000 full-line and specialty retail stores in the United States and Canada. Sears Holdings is the leading home appliance retailer as well as a leader in tools, lawn and garden, consumer electronics and automotive repair and maintenance. Sears Holdings is the 2011 ENERGY STAR® Retail Partner of the Year. Key proprietary brands include Kenmore,

Craftsman and DieHard, and a broad apparel offering, including such well-known labels as Lands' End, Jaclyn Smith and Joe Boxer, as well as the Apostrophe and Covington brands. It also has the Country Living collection, which is offered by Sears and Kmart. We are the nation's largest provider of home services, with more than 11 million service calls made annually. Sears Holdings Corporation operates through its subsidiaries, including Sears, Roebuck and Co. and Kmart Corporation. For more information, visit Sears Holdings' website at www.searsholdings.com. | Twitter: @searsholdings | Facebook: http://www.facebook.com/SHCCareers

20. The Sears Vacations web site is readily accessible from the main Sears retail web site, www.sears.com (Exhibit E), where Sears Vacations is again referred to as a "partner" of the Sears retail organization.

21. The Federal Communications Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitations is made bears the ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶13 (1995).

22. The FCC confirmed this principle in 2013 when it explained that, "a seller... may be held vicariously liable under federal common law principles of agency for violation of either section 227(b) or section 227(c) that are committed by third-party telemarkerters." *See In re Matter of Joint Petition Filed by Dish Network, LLC* 28 F.C.C, Rcd. 6574, 6574(2013).

23. Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in placing the robocalls.

24. Plaintiff suffered damages as a result of receipt of the call. Furthermore, plaintiff's statutory right of privacy was invaded.

25. Plaintiff is entitled to statutory damages.

26. Defendants violated the TCPA even if their actions were only negligent.

27. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

28. Plaintiff incorporates paragraphs 1-27.

29. The TCPA provides, at 47 U.S.C. §227(b):

>**Restrictions on use of automated telephone equipment**
>
>**(1) Prohibitions**
>
>**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
>>**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**
>>
>>>**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

30. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

>**Private right of action.**
>
>**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
>**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
>**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
>**(C) both such actions.**
>
>**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action, (c) received a call on a cell phone (d) which call used an automatic telephone dialing system or a prerecorded or artificial voice (e) and was placed by or on behalf of defendants.

32. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class. Purchasing

5

or contracting for the use of automated dialing equipment makes no economic sense unless a large number of persons are called.

33. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of initiating or causing to be initiated telemarketing calls using automated equipment;

    b. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a prerecorded or artificial voice;

    c. The manner in which defendants compiled or obtained their list of telephone numbers;

    d. Whether defendants obtained the consent of the called parties;

    e. Whether defendants thereby violated the TCPA.

34. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271

F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

38. The court in *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012) also issued a class-wide injunction restraining the actions that plaintiff alleged violated the TCPA.

39. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against further robocalls to plaintiff and others;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

40. Plaintiff incorporates paragraphs 1-27.

41. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls to cell phones.

42. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

43. Plaintiff suffered damages as a result of receipt of the call.

44. Defendants engaged in such conduct in the course of trade and commerce.

45. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

46. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date three years prior to the filing of this action, (c) received a call on a cell phone assigned to an Illinois area code, (d) which call used an automatic telephone dialing system or a prerecorded or artificial voice (e) and was placed by or on behalf of defendants.

47. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class. Purchasing or contracting for the use of automated dialing equipment makes no economic sense unless a large number of persons are called.

48. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants thereby violated the TCPA.

49. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

50. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

52. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Compensatory and punitive damages;

    b. An injunction against further violations;

    c. Attorney's fee, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS RESTRICTED CALL REGISTRY ACT

53. Plaintiff incorporates paragraphs 1-27.

54. 815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

55. 815 ILCS 402/5(a) defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

56. 815 ILCS 402/5(e) defines "Telephone solicitation" to mean --

> **any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**
>
> > **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**
> >
> > > **(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**
> > >
> > > **(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**
> > >
> > > **(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that**

>  is not then available, and requests a call when the product or service becomes available;
>
>  **(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**
>
>  **(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

57. 815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

58. 815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

59. Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

60. Defendants violated the Restricted Call Registry Act by making a telephone

solicitation to plaintiff more than 45 days after plaintiff placed his number on the National Do Not Call Registry.

61. Defendants violated the Restricted Call Registry Act even if their actions were only negligent.

62. Plaintiff is entitled to statutory damages for defendant's violation of the Restricted Call Registry Act.

## CLASS ALLEGATIONS

63. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

64. The class consists of (a) all persons who (b) during a period beginning one year prior to the filing of this action, (c) received a call from defendant (d) on a telephone assigned to an Illinois area code (e) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call from defendant, (f) which call advertised the commercial availability of any property, goods, or services of defendant.

65. On information and belief, the class is so numerous that joinder of all members is impractical.

66. Plaintiff alleges that there are more than 40 members of the class.

67. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These questions include:

    a. Whether defendant timely obtains numbers on the National Do Not Call Registry;

    b. The manner in which defendant places telemarketing calls.

68. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

69. A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. Statutory damages;

    b. Injunctive relief;

    c. Costs;

    d. Such other and further relief as the Court may deem just and proper.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
James Latturner
Francis R. Greene
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

  The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

_____
Bryson Burnside

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                        s/ Daniel A. Edelman
                                        Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                   s/ Daniel A. Edelman
                                                   Daniel A. Edelman

T:\32366\Pleading\Complaint DAE_Pleading.wpd